UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12056-GAO

HERB JACOBS,
Plaintiff,

v.

BANK OF AMERICA CORPORATION,
Defendant.

ORDER
June 27, 2013

O'TOOLE, D.J.

This case arises out of a foreclosure auction at which the plaintiff was the high bidder. After the auction, the foreclosing mortgagee Bank of America backed out of the agreement to sell the property. The plaintiff brought an action in state court alleging violation of Massachusetts General Laws ch. 93A, breach of contract, and breach of the implied covenant of good faith and fair dealing, and seeking specific performance of the contract. The bank removed the case to this Court and now moves (dkt. no. 19) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

According to the Complaint, the bank instituted foreclosure proceedings against a home in Holbrook, Massachusetts. The foreclosure auction was scheduled for June 4, 2012. Prior to the foreclosure the homeowner and mortgagor passed away, leaving her son Anthony Ricci as her heir and personal representative. Ricci received the notice of foreclosure in March 2012, which he acknowledged personally and as personal representative of his mother's estate, and he also attended the auction. The auction was held on June 4, 2012, and the plaintiff (through an agent)

was the high bidder. A memorandum of sale was executed by the parties, and the plaintiff paid a

$5,000 deposit. The memorandum contained a provision which stated:

> As an express term and condition of this Memorandum, the mortgagee reserves the right to void this transaction for any reason. If the mortgagee voids this transaction and does not convey title to the Buyer for any reason, the mortgagee's sole responsibility shall be the return of deposit paid. The Buyer shall have no further recourse against the mortgagee, the mortgagee's attorney or the auctioneer.

The closing was scheduled for July 3, 2012. Between the auction and the closing, the

bank was contacted by Ricci regarding the foreclosure. The closing was pushed back to July 25.

Ricci then retained counsel, who sent the bank a 93A demand letter challenging the legality of

the foreclosure. On July 25, the date of the scheduled closing, the bank, citing the Ricci's

potential legal claims, exercised the unilateral cancellation right reserved to it by the

memorandum of sale. The $5,000 deposit was returned shortly thereafter.

Taking the allegations of the Complaint as true, the bank did not breach the contract,

which clearly and unambiguously allowed it to void the contract for any reason. (A copy of the

memorandum of sale is attached to the Complaint.) In cancelling the sale, the bank was simply

exercising a right the contract expressly conferred.

The exercise of a contract right might still amount to a breach of the implied covenant of

good faith and fair dealing, but only where the party acts in bad faith or unfairly. See generally,

Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820-21 (Mass. 1991).  While the

complaint alleges as a conclusion that the bank did not act in good faith when exercising the

cancellation provision, it does not allege facts that support a bad faith finding. Rather, on the

complaint's own narrative, it appears that the Bank was presented with a third party's claim that

the foreclosure sale was wrongful and invalid. Perhaps the bank simply wanted to preserve the

status quo until that claim could be addressed. Perhaps it had another reason for cancelling the

sale. In any event, it is incumbent on the plaintiff to allege facts that would support his proposition that the bank acted somehow unfairly or in bad faith, and his complaint fails to do that. See Christensen v. Kingston Sch. Comm., 360 F. Supp. 2d 212, 229 (D. Mass. 2005) ("Conceptually, claims for breach of the implied covenant of good faith and fair dealing are distinct from simple breach of contract claims and require additional factual allegations of unfairly leveraging the contract terms for undue economic advantage.").

The Chapter 93A claim is premised on the claim of breach of the implied covenant and is thus also insufficiently pled.

For the reasons stated herein, Bank of America's Motion (dkt. no. 19) to Dismiss is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge